NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

TRACY EUGENE KELLEY, *Petitioner.*

No. 1 CA-CR 13-0060 PRPC
FILED 03/18/2014

---

Petition for Review from the Superior Court in Maricopa County
CR2007-149438-001
CR2008-180037-001
CR2012-111423-004
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Tracy Eugene Kelley, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**W I N T H R O P,** Judge:

¶1          Petitioner, Tracy Eugene Kelley ("Kelley"), seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1.  Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).  Finding no such error, this court grants review but denies relief.

## BACKGROUND

¶2          In Maricopa County Superior Court Cause No. CR2012-111423-004, Kelley pled guilty to possession or use of methamphetamine and misconduct involving weapons, with one historical prior felony conviction.  Pursuant to Arizona Rule of Criminal Procedure 27.8(e), the determination of guilt in that case constituted an automatic violation of Kelley's probation in Maricopa County Superior Court Cause Nos. CR2008-180037-001 and CR2007-149438-001, and these matters were set for disposition hearings.   Although the cases were not formally consolidated, the trial court sentenced Kelley in all three cases on August 3, 2012.

¶3          On December 12, 2012, more than ninety days after the entry of judgments and sentences, Kelley filed a notice of post-conviction relief in which he listed all three cases.  Kelley dated the notice November 3, 2012, and indicated the notice had been mailed November 5, 2012.  The notice did not set forth any claim or reasons why notice had not been timely filed.  After finding the notice was untimely filed, the trial court summarily dismissed it, and Kelley timely petitioned this court for review.

## ANALYSIS

¶4          On review, Kelley attempts to rest blame for his untimely filing on prison officials, who he asserts did not provide him with the

2

"forms for Rule 32" until November 2012. He states that, immediately after he received the form, he mailed it to the superior court. However, Kelley did not use a form for his notice of post-conviction relief. He filed a handwritten pleading, and he offers no explanation why this handwritten pleading could not have been timely filed. As noted by the trial court:

> Defendant's Notice is dated November 3, 2012, and states a mailing date of November 5, 2012. As set forth above, the Notice was not filed until December 12, 2012. Rule 32.4(a) requires that the Notice be *filed* within the 90-day period. Accordingly, based on the filing date, the Notice is untimely by 39 days. Some latitude might be given for a Notice that is at least mailed prior to the filing deadline, assuming some proof was presented as to that mailing date. Here, however, no circumstance has been shown that might justify Defendant's untimely filing.

¶5        Pursuant to Arizona Rules of Criminal Procedure 32.1 and 32.4(a), Kelley had ninety days from the entry of judgment and sentence to file an "of-right" petition for post-conviction relief. Because Kelley failed to file timely, and because he did not set forth any claim, or any reasons why his notice had not been timely filed, the trial court did not abuse its discretion when it summarily dismissed.

## CONCLUSION

¶6        For these reasons, although we grant the petition for review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh